**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**BOBBY CARL TERRICK**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 19-985**

**DARRELL VANNOY, ET AL.**                              **SECTION "B"**

## ORDER & REASONS

Before the Court are petitioner's objections to/and the Magistrate Judge's Report and Recommendation to dismiss this state court inmate's *pro se* petition for habeas corpus relief, and petitioner's motion for abeyance. See Rec. Docs. 14, 25, and 26. For the reasons discussed below,

**IT IS ORDERED** that petitioner's objections are **OVERRULED** and the Report and Recommendation are **ADOPTED** as the court's opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2001, petitioner was charged by an indictment for manslaughter. Rec. Doc. 25 at 1. Petitioner pled not guilty and filed a motion to quash the indictment on grounds that he was not properly charged as a juvenile. *Id*. At 2. Petitioner also filed a motion to suppress his identification and statement. *Id*. Both motions were denied. *Id*. On July 7, 2002, Petitioner was re-indicted by a grand jury with one count of second-degree murder, and was found guilty in July 2002. *Id*. Petitioner's motions for a new trial and for post-verdict judgment of acquittal were denied. *Id*. On August 16, 2002, he was sentenced to life imprisonment

without benefit of parole, probation or suspension of sentence. *Id*. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. *Id*. at 1.

The Louisiana Fifth Circuit Court of Appeal affirmed and remanded with instructions to provide petitioner with written notice of the prescriptive period for seeking post-conviction relief on September 30, 2003. *Id*. at 2. On March 26, 2004, the Louisiana Supreme Court denied his application for writ of certiorari. *Id.*

On November 30, 2017, the trial court granted the petitioner's motion to correct an illegal sentence to life imprisonment with parole eligibility after 25 years. *Id*. at 3.

**LAW AND ANALYSIS**

**a. MOTION FOR STAY AND ABEYANCE**

In order for a motion for stay and abeyance to be granted the petitioner 1) must have good cause for his failure to exhaust his unexhausted claims, 2) must have unexhausted claims that are potentially meritorious, and 3) must not have engaged in intentionally dilatory litigation tactics. *Haynes v. Quarterman*, 526 F.3d 189, 196 (5th Cir. 2008). All three elements must be present. *Id.*

In regard to the good cause element for a failure to exhaust unexhausted claims, the Supreme Court has cautioned that a stay-and-abeyance "should only be available in limited circumstances,"

2

and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Petitioner's claim regarding his confession was denied by the Louisiana Supreme Court as untimely while this federal application was pending. Rec. Doc. 25 at 26. Petitioner's claim challenging the indictment was rejected as procedurally barred by the state district court and is still pending in the state court of appeal. *Id*. No good cause has been shown to warrant a stay in this case.

### b. WRIT OF HABEAS CORPUS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls this Court's review of a 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act . . ."). Under § 2254, an application for a writ of habeas corpus may be denied on the merits, even if an applicant has failed to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). Enacted as part of the AEDPA, the amended subsections 2254(d)(1) and (2) provide the standards of review for questions of fact, questions of law, and mixed questions of both.

For pure questions of fact, state court factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1) ("In a

proceeding instituted by an application for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be correct."). The applicant has the burden of rebutting the presumption by clear and convincing evidence. *See id*. However, a writ of habeas corpus may be granted if the adjudication of the claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Hankton v. Boutte,* 2018 U.S. Dist. LEXIS 126899 *1, *10 (E.D. La June 29, 2018).

For pure questions of law and mixed questions of law and fact, a state court's determination is reviewed under § 2254(d)(1). *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Specifically, with mixed questions, a state court's determination receives deference unless the decision was either contrary to federal law or involved an unreasonable application of federal law. *See* § 2254(d)(1); *Hill*, 210 F.3d at 485.

A state court's decision is contrary to federal law if (1) the state court applies a rule different from the governing law set forth in the Supreme Court's cases or (2) the state court decides a case differently than the Supreme Court when there are "materially indistinguishable facts." *See Poree v. Collins,* 866 F.3d at 246; *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010). A state court's decision involves an unreasonable application of

4

federal law when it applies a correct legal rule unreasonably to the facts of the case. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). An inquiry under the unreasonable context involves not whether the state court's determination was incorrect, but whether the determination was objectively unreasonable. *Boyer v. Vannoy*, 863 F.3d 428, 454 (5th Cir. 2017).

The court in *Boyer* stated that the determination must not be "merely wrong," and that "clear error" will not be enough to overturn a state court's determination. *Id; see also Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (finding that unreasonable is not the same as incorrect, and thus an incorrect application of the law will be affirmed if it is not also unreasonable). Even if a state court incorrectly applies Supreme Court precedent, that mistake alone, does not mean that a petitioner is entitled to habeas relief. *See Puckett*, 641 F.3d at 663.

Courts refer to the Supreme Court's decision in *Jackson v. Virginia* when reviewing and analyzing claims challenging the sufficiency of the evidence. Courts must determine, "after viewing the evidence in the light most favorable to the prosecution, [whether] any rational trier of fact could have found that the essential elements of the crime [were proven] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). However, this review does not mean that courts can reweigh the evidence or the credibility of the witnesses. *Hankton,* 2018 U.S. Dist. LEXIS

5

126899 at *14 (quoting *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004)).

The Court must review petitioner's claim under § 2254(d)(1) as his claim is one of mixed law and fact. In other words, this Court will defer to the state court's determination unless the petitioner shows that the result was contrary to or involved an unreasonable application of Federal law. *See* 28 U.S.C. § 2254(d)(1). Upon the Court's review under 28 U.S.C. § 2254, the Court finds that petitioner's claim should be denied because he is not being held in state custody in violation of federal law.

Petitioner's sentence does not violate his due-process rights and the principle of fair warning. Louisiana state courts have soundly rejected the application of *State v. Craig*, 340 So.2d 191 (La. 1976), where individuals with mandatory death sentences for aggravated rape were resentenced to the most serious penalty for the next lesser responsive verdict. *Craig* is not applicable in situations as here where juveniles were ordered resentenced following *Miller v. Alabama*, 567 U.S. 460 (2012). See *State v. Francis*, 17-651 (La. App. 5 Cir. 5/16/18), 247 So.3d 199 203-04; *State v. Evans*, 51, 811 (La. App. 2 Cir. 1/10/18), 245 So.3d 1112; *State v. Lewis*, 17-651 (La. App. 4 Cir. 4/18/18), 244 So.3d 527, 532. The state court determination upon resentencing petitioner Terrick to life imprisonment with parole eligibility for second-degree murder is not objectively unreasonable or violative of

6

Supreme Court precedent. Terrick's request to resentence juvenile offenders from life sentences for murder to the next lesser responsive verdict of manslaughter is incorrect.

A claim that only urges a misapplication of state law is not properly before the Court for federal habeas review. Rec. Doc. 25 at 19. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68(1991); *see also Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law."); *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1977) (a disagreement as to state law is not cognizable on federal habeas review). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner claims there is a violation of fair warning based on his life sentence with parole eligibility after 25 years. Rec. Doc. 25 at 20-21. Federal district courts have uniformly denied such arguments in the context of comparable *Graham* violations

7

(minor sentenced to unconstitutional mandatory life imprisonment without parole for non-homicide crimes), remedied to afford parole eligibility pursuant to *State v. Shaffer*, 11-1756 (La. 11/23/11), 77 So.3d 939, which rejected the *Craig* methodology, as well as cases involving *Miller* violations. *See Looney v. Vannoy*, Civ. Action No. 3:19-CV-00939, 2019 WL 6034957 at *3 (W.D. La. Oct. 23, 2019), *adopted* 2019 WL 6003239 (W.D. La. Nov. 13, 2019); *Jackson v. Vannoy*, Civ. Action No. 5:19-CV-665-P, 2019 WL 4145727 at *3 (W.D. La. July 11, 2019), *adopted* 2019 WL 4166762 (W.D. La. Aug. 30, 2019); *Jones v. LeBlanc*, Civ. Action No. 16-844, 2017 WL 5125766, at *4-6 (E.D. La. March 17, 2017), *adopted* 2017 WL 5068346 (E.D. La. Nov. 03, 2017). *Id*.

Further, there is no dispute that the trial court retroactively applied the new statutory sentencing law under *Miller* when petitioner was resentenced in 2017. A change violates *ex post facto* law only if it "changes the punishment and inflicts a greater punishment than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798). Here, there was no increase in petitioner's penalty for second-degree murder. Rec. Doc. 25 at 24.

New Orleans, Louisiana this 17th day of March, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE